FILED

MAY 06 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRADLEY DAVIS,

    Plaintiff,

v.

CAPGEMINI U.S. LLC,

    Defendant.

Case No. 14-cv-05627-JST

**SCHEDULING ORDER**

    The Court hereby sets the following case deadlines pursuant to Federal Rule of Civil Procedure 16 and Civil Local Rule 16-10:

| Event | Deadline |
|---|---|
| Deadline to add parties or amend the pleadings | 4/3/15[1] |
| Selection of mediator | 5/20/15 |
| Mediation compliance hearing (if necessary) | 5/27/15 |
| Mediation deadline | 8/28/15 |
| Expert disclosures | 12/18/15 |
| Expert rebuttal | 1/15/16 |
| Fact and expert discovery cut-off | 1/29/16 |
| Deadline to file dispositive motions | 2/19/16 |

---

[1] The Court is aware that this deadline has passed. Any further amendment of the pleadings will require a showing of good cause.

| Event | Deadline |
|---|---|
| Pretrial conference statement due | 5/17/16 |
| Pretrial conference | 5/27/16 at 2:00 p.m. |
| Trial | 6/6/16 at 8:30 a.m. |
| Estimate of trial length (in days) | Five |

<u>Mediation Compliance Hearing</u>: Counsel must file a joint letter with the Court not later than May 20, 2015, advising the Court of the identity of the mediator they have selected, and the date and time on which the mediation will occur. <u>A letter that merely indicates that counsel have agreed on a particular mediator does not comply with this order.</u> If, and only if, counsel have failed to so advise the Court, then all counsel are ordered to appear personally (not telephonically) on May 27, 2015 at 2:00 p.m.

Counsel may not modify these dates without leave of court. The parties shall comply with the Court's standing orders, which are available at cand.uscourts.gov/jstorders.

The parties must take all necessary steps to conduct discovery, compel discovery, hire counsel, retain experts, and manage their calendars so that they can complete discovery in a timely manner and appear at trial on the noticed and scheduled dates. All counsel must arrange their calendars to accommodate these dates, or arrange to substitute or associate in counsel who can.

Trial dates set by this Court should be regarded as firm. Requests for continuance are disfavored. The Court will not consider any event subsequently scheduled by a party, party-controlled witness, expert or attorney that conflicts with the above trial date as good cause to grant a continuance. The Court will not consider the pendency of settlement discussions as good cause to grant a continuance.

IT IS SO ORDERED.

Dated: May 6, 2015

_____
JON S. TIGAR
United States District Judge